1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 DESHONE LEE SMITH,           No. CIV S-08-0506-LKK-CMK-P

12         Plaintiff,

13       vs.            FINDINGS AND RECOMMENDATIONS

14 J. TORREZ, et al.,

15         Defendants

16    _____/

17           Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18 to 42 U.S.C. § 1983.   Pending before the court is Defendant's unopposed motion to dismiss for

19 Plaintiff's failure to exhaust administrative remedies (Doc. 36).

20           Prisoners seeking relief under § 1983 must exhaust all available administrative

21 remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

22 regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

23 Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

24 the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

25 while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

26 Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199

1   (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in

2   the complaint because lack of exhaustion is an affirmative defense which must be pleaded and

3   proved by the defendants; (2) an individual named as a defendant does not necessarily need to be

4   named in the grievance process for exhaustion to be considered adequate because the applicable

5   procedural rules that a prisoner must follow are defined by the particular grievance process, not

6   by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some,

7   but not all, claims are unexhausted.

8           The Supreme Court also held in Woodford v. Ngo that, in order to exhaust

9   administrative remedies, the prisoner must comply with all of the prison system's procedural

10   rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus,

11   exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.

12   Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance

13   which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id.

14   at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the

15   quantity of prisoner suits "because some prisoners are successful in the administrative process,

16   and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

17           A prison inmate in California satisfies the administrative exhaustion requirement

18   by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of

19   Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or

20   policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code

21   Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several

22   levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution

23   head; (4) third level appeal to the director of the California Department of Corrections and

24   Rehabilitation.  A decision at the third formal level, which is also referred to as the director's

25   level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal.

26   Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may

1   summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§

2   3084.3(c)(6) and 3084.6(c).   If a group of inmates intend to appeal the same decision or action,

3   one grievance form is used and a list of the participating inmates must be attached.  The list must

4   be legible and state the inmates' names, departmental identification numbers, and housing

5   assignment.  The form must also be signed by all participating inmates.  Currently, California

6   regulations do not contain any provision specifying who must be named in the grievance.

7              In certain circumstances, the regulations make it impossible for the inmate to

8   pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939

9   n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by

10   prison officials as a "staff complaint" and processed through a separate confidential process,

11   prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing

12   Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff

13   complaint."  See id. at 940.  If there are separate claims in the same grievance for which further

14   administrative review could provide relief, prison regulations require that the prisoner be notified

15   that such claims must be appealed separately.  See id. at 939.  The court may presume that the

16   absence of such a notice indicates that the grievance did not present any claims which could be

17   appealed separate from the confidential "staff complaint" process.  See id.

18              Here, Defendant argues Plaintiff failed to exhaust his administrative remedies

19   prior to initiating this action.  Plaintiff failed to file any opposition to this motion.  Local Rule

20   78-230(m) provides that the failure to the responding party to file an opposition to a motion may

21   be deemed a waiver of any opposition to the granting of the motion.

22              Plaintiff initiated this action by filing his complaint on November 20, 2007.

23   Defendant acknowledges that Plaintiff has exhausted his administrative remedies, but argues that

24   he did not complete the exhaustion process until March 28, 2008, the date of the director's level

25   decision.  Thus, his administrative remedies were not exhausted until four months after this

26   action was initiated.   It does appear that this action was initiated prematurely, and Plaintiff fails

1   to offer any argument or evidence to the contrary.  The undersigned finds that dismissal of this

2   action, without prejudice, is required.

3               Based on the foregoing, the undersigned recommends that Defendant's motion to

4   dismiss (Doc. 36) be granted, and this action be dismissed without prejudice.

5               These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

7   after being served with these findings and recommendations, any party may file written

8   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

9   Findings and Recommendations."  Failure to file objections within the specified time may waive

10   the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   DATED: November 17, 2009

14                                       _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE